UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

HANNAH PARKER,

                Plaintiff,

v.

CORNELL UNIVERSITY,

                Defendant.

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

Index No. 3:24-CV-00984 GTS-ML

**WHEREAS** Plaintiff, Hannah Parker, and Defendant, Cornell University (each individually a "Party" and collectively "the Parties"), have agreed to the following terms of confidentiality, and the Court, having found good cause exists for the issuance of an appropriately tailored confidentiality and protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby,

**ORDERED**, that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with discovery in this action:

1.     Applicability. This Protective Order shall apply to all information and documents produced by any Party pursuant to interrogatories, depositions, requests for production of documents, requests for admissions, or other formal or informal discovery requests, all information and documents produced by a non-party in response to a subpoena, and all information provided by any Party or non-party in connection with any deposition, evidentiary hearing, or other proceeding conducted prior to trial in this action.

2.     Designation as "CONFIDENTIAL". Any Party to this case may designate as "CONFIDENTIAL" any of the following: documents or portions of documents (including electronically stored information), responses to requests for information or documents, deposition transcripts, hearing testimony, and any other documents, material and information produced or

14792701

disclosed by any Party in this matter. "CONFIDENTIAL" documents may include education records, medical records, employment records, disciplinary records, proprietary information, and any other information that the producing Party believes in good faith to be entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure. No document may be designated as "Confidential" if it has been disclosed in a public filing before the date of this Protective Order.

3. Designation as "CONFIDENTIAL-ATTORNEYS EYES ONLY". Any Party to this case may designate as "CONFIDENTIAL-ATTORNEYS EYES ONLY" any document or portion of document (including electronically stored information) that constitutes a confidential employment or disciplinary record, or relates or refers to such a record of someone other than the named Plaintiff in this action. The Parties agree that such designation shall not be used for any matter in which Plaintiff was involved during the period she was employed from March-July 2023.

4. A Party may designate materials as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" in the following manner:

  a. Documents. At the time of production, a Party should designate or stamp "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" on the particular document. Where a document is produced in electronic form, the drive, disc, or electronic media storage device shall be marked "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY." In addition, the information or documents contained in the electronic record should be designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" such that to the extent any Party prints or reproduces any information or any documents produced in electronic format,

any such printouts or reproduction shall automatically include the designation of "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY."

b. Interrogatories or Requests for Admissions. A Party may designate an Interrogatory response or answer to a Request for Admission as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" providing such Interrogatory response or answer on separate pages from any other Interrogatory response(s) or answer(s) or portions of Interrogatory response(s) or answer(s) that are not so designated."

c. Affidavits. Each paragraph of an affidavit containing "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" information shall be designated as such and shall appear on a separate page from paragraphs that do not contain "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" information.

d. Testimony. Deposition testimony may be designated "CONFIDENTIAL" during the course of the deposition by designating the precise testimony claimed to be "CONFIDENTIAL." The reporter shall separately transcribe and bind deposition testimony so designated as "CONFIDENTIAL" and shall mark the face of the separately bound transcript containing "CONFIDENTIAL" testimony with the term "CONFIDENTIAL." Such deposition testimony may also be designated as "CONFIDENTIAL" by giving written notice to the opposing Party within thirty (30) days after receipt of the transcript of such testimony, setting forth the pages and lines of such transcript which are "CONFIDENTIAL." The Parties will be responsible for redacting the identities

of any students or other employees who are not parties to this action from transcripts filed with the Court or used at a hearing.

5. <u>Access to "CONFIDENTIAL" Information</u>. "CONFIDENTIAL" materials shall not be disclosed in any manner, directly or indirectly to any person other than the attorneys of record for the Parties and their personnel, named Parties and their officers and employees, witnesses, expert witnesses retained or used by the attorneys of record, and Court personnel. Access to "CONFIDENTIAL" documents or information shall be limited to disclosure that is reasonably necessary for purposes of motion practice, trial, appeal, or settlement. "CONFIDENTIAL" documents or information, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless: (a) the attorneys for the Party asserting confidentiality waives the claim of confidentiality or (b) the Court orders such disclosure.

6. <u>Access to "CONFIDENTIAL-ATTORNEYS EYES ONLY" Information</u>. "CONFIDENTIAL-ATTORNEYS EYES ONLY" materials shall not be disclosed in any manner, directly or indirectly to any person other than the attorneys of record for the Parties and their personnel, expert witnesses retained or used by the attorneys of record, and Court personnel. Access to ""CONFIDENTIAL-ATTORNEYS EYES ONLY" documents or information shall be limited to disclosure that is reasonably necessary for purposes of motion practice and preparation for trial, and shall thereafter be governed by the trial judge's procedures and such further order(s) of the Court as may be entered for purposes of trial, appeal, and/or final resolution of this matter.

7. <u>Claim of Confidentiality After Production</u>. If a Party believes that a document(s) or information contained within another Party's document production or discovery responses should be treated as "CONFIDENTIAL," but was not marked as such by the producing Party, that Party

4

shall so notify all Parties within thirty (30) days of receipt of said document or information. If the Parties cannot agree on the "CONFIDENTIAL" nature of the document or information in question, the Party seeking "CONFIDENTIAL" treatment may apply to the Court for a protective order. Until such time as the Court decides any such application, the Parties shall treat the disputed document or documents as "CONFIDENTIAL."

8. <u>Agreement to be Bound by this Order</u>. Each person to whom information or a document designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" is disclosed shall be informed of the terms of this Protective Order and must agree to be bound by it. Each person other than the attorneys for the Parties and their personnel, and Court personnel, must agree to be bound by this Protective Order by executing the acknowledgement attached as Exhibit A before disclosure to such person of any such information or document. The attorney who discloses "CONFIDENTIAL" materials shall be responsible for maintaining the original signed acknowledgement for each such person. The attorney who discloses "CONFIDENTIAL-ATTORNEYS EYES ONLY" materials to an expert retained by that Party shall be responsible for maintaining the original signed acknowledgement for such expert.

9. <u>Filing of Documents on the Public Docket</u>. In the event that any Party intends to file "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" materials with the Court supporting a motion or other court filing, including but not limited to a challenge to the confidentiality designation as described in paragraph 10, that Party shall file such documents under seal using the Court-authorized procedure for filing documents under seal as set forth in Local Rule 5.3 (as amended from time to time).

10. <u>Non-Waiver of Objections</u>. This Protective Order does not limit or waive the right of any Party to object to the scope of discovery in this litigation or to the admissibility at trial of

any proffered evidence, documentary or otherwise. This Protective Order does not constitute a finding or evidence that any of the information disclosed or contained in the produced or designated materials is or is not "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" in nature. Each Party reserves the right to dispute the confidentiality designation claimed by any other Party or subpoenaed party in accordance with this Protective Order. If a Party believes that any documents or materials have been inappropriately designated by another Party or subpoenaed party, that Party shall confer with counsel for the designating Party. As part of that conference, the designating Party must assess whether redaction is a viable alternative to complete non-disclosure. If the Parties are unable to resolve the matter informally, any Party may file an appropriate motion with the Court.

11.   Subpoenas for "CONFIDENTIAL" Information. If any Party receives a subpoena or document request from a non-party that appears to require the production of materials that have previously been designated as "CONFIDENTIAL" by any Party to this action, the Party receiving such subpoena or document request shall: (a) within 10 business days of receipt of a subpoena or document requests, or as soon as practicable if the deadline for production under such subpoena or request is less than 10 business days, notify the Party that designated the materials as "CONFIDENTIAL" of the receipt of the subpoena or document request; and (b) shall not oppose any effort by the designating Party to modify the subpoena or obtain a protective order limiting discovery of such material.

12.   Disposition of "CONFIDENTIAL" Information. Within thirty (30) days of the conclusion of this action, including any and all appeals, all documents or information designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" and all copies or summaries thereof within the possession of the Parties and/or their attorneys, shall be destroyed.

Counsel for the Parties may retain "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" information for archival purposes, subject to the provisions of this Protective Order.

13. Inadvertent Disclosure. If documents or information that are subject to a claim of attorney-client privilege, attorney-work product privilege, or any other applicable privilege or immunity is inadvertently produced ("Inadvertent Production Material"), such inadvertent production shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or immunity.

   a. A claim of inadvertent production shall be made in writing and shall constitute a representation by that Party that the Inadvertent Production Material has been reviewed by an attorney for such Producing Party and that there is a good faith basis for such claim of inadvertent production.

   b. If a claim of inadvertent production is made pursuant to this Stipulation, the Party possessing the Inadvertent Production Material shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) promptly make a good-faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the producing Party, and/or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; and (iii) not use the Inadvertent Production Material for any purpose until further order of the Court.

   c. A Party may move the Court for an order compelling production of the claimed Inadvertent Production Material; however, while such motion is pending, the document(s) or information in question shall be treated as Inadvertent Production Material, and such motion may not assert as a ground for entering such an order the

fact or circumstance of the inadvertent production, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof) that is the subject of such motion.

14. <u>Amendment</u>. Any amendment of the provisions of this Protective Order may be made by agreement of the Parties, and, if agreed upon, shall be made in writing. Any amendment to the provisions of this Protective Order will become effective upon approval of the Court.

15. <u>Continuing Jurisdiction</u>. This Protective Order shall continue to be binding on the Parties after the conclusion of this litigation. The United States District Court for the Northern District of New York shall continue to retain jurisdiction over all persons and Parties bound by this Protective Order for enforcement.

Executed: ~~May 30~~ June 12, 2025

PHILLIPS & ASSOCIATES, PLLC

By: _____
Jesse S. Weinstein, Esq.
Max C. Bracero, Esq.
45 Broadway, 28th Floor
New York, New York 10006
Telephone: (212) 248-7431
Telephone: (607) 273-2202
Email: jweinstein@tpglaws.com
*Attorneys for Plaintiff*

CORNELL UNIVERSITY

By: _____
Valerie Cross Dorn, Esq.
Conrad R. Wolan, Esq.
Adam G. Pence, Esq.
118 Sage Place
Ithaca, New York 14850
Telephone: (607) 255-2796
Email: vlc1@cornell.edu
*Attorneys for Defendant*

SO ORDERED this ____ day of _____, 2025

_____
Hon. Miroslav Lovric
U.S. Magistrate Judge

## EXIHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HANNAH PARKER,<br><br>                    Plaintiff,<br><br>          v.<br><br>CORNELL UNIVERSITY,<br><br>                    Defendant. | **CONFIDENTIALITY AND PROTECTIVE ORDER ACKNOWLEDGEMENT**<br><br>3:24-cv-1215 (ECC/ML) |

I, _Hannah E. Parker_, have been advised by counsel of record for _Plaintiff_ in *Hannah Parker v. Cornell University*, Case No. 3:24-cv-1215 (ECC/ML), of the Stipulated Confidentiality Agreement and Protective Order governing the delivery, publication, and disclosure of "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" documents and information produced in this litigation. I have read a copy of the Stipulated Confidentiality Agreement and Protective Order and agree to abide by its terms. I understand that the Protective Order prohibits me from further disclosing "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" documents and information that is disclosed to me solely for the purposes of this lawsuit.

*Hannah E. Parker*                              06/12/25
Signed                                          Date